IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD J. KIMBRO, V77359,                  )
                                            )
            Plaintiff(s),                   )        No. C 12-4352 CRB (PR)
                                            )
    v.                                      )        ORDER OF SERVICE
                                            )
HUFFMAN, Correctional Officer, et al.,      )
                                            )
            Defendant(s).                   )
_____          )

        Plaintiff, a prisoner at Kern Valley State Prison (KVSP), has filed a pro se
complaint for damages under 42 U.S.C. § 1983 alleging that, while he was at
Salinas Valley State Prison (SVSP), prison officials violated his right to due
process when they found him guilty of possession of a controlled substance and
placed him in administrative segregation without sufficient evidence to support
the finding of guilty.  Plaintiff also alleges that prison officials denied him needed
medical care while he was in administrative segregation.

## DISCUSSION

A.    Standard of Review

        Federal courts must engage in a preliminary screening of cases in which
prisoners seek redress from a governmental entity or officer or employee of a
governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable
claims or dismiss the complaint, or any portion of the complaint, if the complaint
"is frivolous, malicious, or fails to state a claim upon which relief may be
granted," or "seeks monetary relief from a defendant who is immune from such

relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

essential elements: (1) that a right secured by the Constitution or laws of the

United States was violated, and (2) that the alleged violation was committed by a

person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988).

B.   Legal Claims

Allegations by a prisoner that he was denied due process in conjunction

with a disciplinary proceeding do not present a constitutionally cognizable claim

unless the deprivation suffered was one of "real substance" as defined in Sandin

v. Conner, 515 U.S. 472 (1995).  "Real substance" will generally be limited to

freedom from (1) restraint that imposes "atypical and significant hardship on the

inmate in relation to the ordinary incidents of prison life," Sandin, 515 U.S. at

484, or (2) state action that "will inevitably affect the duration of [a] sentence,"

id. at 487.  Liberally construed, plaintiff's allegations state an arguable § 1983

claim for denial of due process and will be served on the named defendants.  But

plaintiff will have to establish that the deprivation suffered was one of "real

substance" under Sandin.  Compare Serrano v. Francis, 345 F.3d 1071, 1078 (9th

Cir. 2003) (placement in segregated housing in and of itself does not implicate a

protected liberty interest entitling a prisoner to procedural due process

protections) with Wilkinson v. Austin, 545 U.S. 209, 223-25 ( 2005) (indefinite

placement in Ohio's "supermax" facility, where inmates are not eligible for parole

consideration, imposes an "atypical and significant hardship within the

correctional context"); Serrano, 345 F.3d at 1078-79 (finding protected liberty

interest implicated when wheelchair-assisted inmate was put in SHU not

designed for disabled persons – where he was denied use of wheelchair, was not able to take a proper shower, could not use the toilet without hoisting himself up by the seat, had to crawl into bed by his arms, could not partake in outdoor exercise in the non-accessible yard and had to drag himself around a vermin-and cockroach-infested floor – because the placement forced prisoner to endure a situation far worse than a non-disabled person sent to the SHU would have to face) and Burnsworth v. Gunderson, 179 F.3d 771, 773-74 (9th Cir. 1999) (even if discipline imposed is not severe enough to implicate a protected liberty interest, it violates prisoner's right to procedural due process if the discipline is supported by "no evidence").

It is well established that deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Liberally construed, plaintiff's allegations that prison officials denied him needed medical care while he was in administrative segregation state a cognizable § 1983 claim for deliberate indifference to serious medical needs and will be served on the named defendants.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.     The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the named defendants at SVSP. The clerk also shall serve a copy of this order on plaintiff.

2.     In order to expedite the resolution of this case, the court orders as follows:

a.     No later than 90 days from the date of this order, defendants

3

shall serve and file a motion for summary judgment or other dispositive motion.
A motion for summary judgment must be supported by adequate factual
documentation and must conform in all respects to Federal Rule of Civil
Procedure 56, and must include as exhibits all records and incident reports
stemming from the events at issue.  A motion for summary judgment also must
be accompanied by a <u>Rand</u> notice so that plaintiff will have fair, timely and
adequate notice of what is required of him in order to oppose the motion.  <u>Woods</u>
<u>v. Carey</u>, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in <u>Rand</u>
<u>v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with
motion for summary judgment).  A motion to dismiss for failure to exhaust
available administrative remedies must be accompanied by a similar notice.
<u>Stratton v. Buck</u>, 697 F.3d 1004, 1008 (9th Cir. 2012); <u>Woods</u>, 684 F.3d at 935
(notice requirement set out in <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003),
must be served concurrently with motion to dismiss for failure to exhaust
available administrative remedies).

  If defendants are of the opinion that this case cannot be resolved by
summary judgment or other dispositive motion, they shall so inform the court
prior to the date their motion is due.  All papers filed with the court shall be
served promptly on plaintiff.

   b. Plaintiff must serve and file an opposition or statement of
non-opposition to the dispositive motion not more than 28 days after the motion
is served and filed.

   c. Plaintiff is advised that a motion for summary judgment
under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
case.  Rule 56 tells you what you must do in order to oppose a motion for
summary judgment.  Generally, summary judgment must be granted when there

is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show

that you have personal knowledge of the matters state therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case.  Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  Woods, 684 F.3d at 935.)

d.    Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

e.    The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4.    All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED:  January 4, 2013      _____

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Kimbro, R.12-4352.serve.wpd