IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. KIMBRO, V77359, ) | |
| ) | |
| Plaintiff, ) | No. C 12-4352 CRB (PR) |
| ) | |
| v. ) | ORDER GRANTING |
| ) | DEFENDANTS' MOTION |
| HUFFMAN, et al., ) | TO DISMISS |
| ) | |
| Defendants. ) | (Docket # 16) |
| ) | |

In this prisoner civil rights case, prison officials Huffman and Fritz (collectively "Defendants") move to dismiss state prison inmate Plaintiff Richard Kimbro's ("Plaintiff") Complaint alleging due process and medical needs claims in violation of 42 U.S.C. § 1983. Because Plaintiff's due process claim is time barred and medical needs claim was not properly exhausted, the Court GRANTS the Defendants' Motion to Dismiss.

**BACKGROUND**

On August 6, 2006, Plaintiff was found guilty of a Rules Violation Report ("RVR," commonly referred to as a "115") for possessing and distributing a controlled substance, alleged to be Roxicet, while imprisoned at Salinas Valley State Prison ("SVSP"). MTD (dkt. 16) at 3. Plaintiff was placed in SVSP's Administrative Segregation Unit ("ASU") and allegedly denied access to a special mattress and a breathing device for his lungs. Compl. (dkt. 1) at 6.

On September 27, 2006, the SVSP First Level Appeals Council granted

Plaintiff's Appeal Form 602 (referred to as a "602") requesting a lab test of the controlled substance.[1] Id. On October 27, 2006, after the Department of Justice ("DOJ") Freedom Laboratories for Testing tested the substance, the report came back stating, "No controlled substances detected." Compl., Ex. A (dkt. 1-1) at 24. On May 2, 2007, an Inmate Appeals Coordinator provided Plaintiff with a copy of the DOJ's lab results, thus completing the 602. Id. at 10.

On July 9, 2007, while at Mule Creek State Prison ("MCSP"), Plaintiff filed a new 602 requesting that the 115 be removed from his file and his visiting privileges be restored. Id. at 9. On September 28, 2007, this 602 was screened out for lack of supporting documents. Id. Plaintiff did not proceed further with the 602.

On October 19, 2007, Plaintiff had a classification hearing where he was found innocent of the 115 and good time and points he had lost were returned. Compl. at 8.

On June 13, 2011, Plaintiff filed a lawsuit in the Eastern District of California. Id. On July 12, 2012, the Eastern District ordered him to divide his filing into three separate claims within thirty days. Opp'n (dkt. 21) at 3.

On August 17, 2012, Plaintiff filed the Complaint currently before this Court, seeking damages under 42 U.S.C. § 1983 on two grounds: (1) Defendants denied him due process when they found him guilty of possessing a controlled substance without proper proof and forced him to finish his eight-month confinement, and (2) Defendants denied him needed medical care while he was in the ASU. See generally Compl. On January 7, 2013, this Court determined that Plaintiff stated two cognizable section 1983 claims. Order (dkt. 7) at 2-3.

---

[1] On August 14, 2006, Plaintiff filed an initial request to test the controlled substance. Opp'n at 12. The request was screened out on September 6, 2006. Id. at 22.

**DISCUSSION**

Defendants move to dismiss Plaintiff's Complaint on the basis that (I) the claims are time barred and (II) the medical needs claim was not properly exhausted. MTD at 4-6.

**I.     TIMELINESS OF DUE PROCESS CLAIM**

**A.     Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b)(6)). Dismissal is proper if a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal, a complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). When determining plausibility, allegations pertaining to material facts are accepted as true for purposes of the motion and construed in the light most favorable to the non-moving party. Wyler-Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).

Pro se pleadings are to be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). But, a liberal interpretation "may not supply essential elements of the claim that were not initially pled." Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (internal quotation marks and citations omitted).

**B.     Statute of Limitations Generally**

Although state law controls the statute of limitations ("SOL") time period in a section 1983 action, federal law determines when a cause of action accrues

and the SOL begins to run. Wallace v. Kato, 549 U.S. 384, 388 (2007). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. See TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999).[2] Accrual ultimately depends on the substantive basis of the claim. See Puncil v. Tilton, 704 F.3d 568, 579 (9th Cir. 2012).

Like a federal court's use of a state's SOL period, the court also applies the state's equitable tolling rules, which "reliev[es] plaintiff from the [SOL] when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (internal quotations and citations omitted). Equitable tolling of the SOL period is appropriate where there is no danger of prejudice to the defendant and the interests of justice so require. Hatfield v. Halifax PLC, 564 F.3d 1177, 1185 (9th Cir. 2009).[3] Under California law, "the applicable [SOL] must be tolled while a prisoner completes the mandatory exhaustion process." Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

---

[2] The SOL generally begins to run once a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." United States v. Kubrick, 444 U.S. 111, 122 (1979). But the plaintiff must be diligent in discovering the critical facts. See Bibeau v. Pac. Nw. Research Found., 188 F.3d 1105, 1108 (9th Cir. 1999), amended, 208 F.3d 831 (9th Cir. 2000). A plaintiff who does not actually know that his rights were violated will be barred from bringing his claim after the running of the SOL if he should have known in the exercise of due diligence. See id.

[3] See also Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1137-38 (9th Cir. 2001) (en banc) (holding equitable tolling is appropriate where the record shows: "(1) timely notice to the defendant in the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." (internal quotations and citations omitted)).

**C. Analysis**

The parties agree that the relevant SOL for Plaintiff's due process claim is four years.[4] They disagree, however, as to the date on which the SOL began running for Plaintiff's due process claim. Defendants argue that the SOL began running on March 9, 2007, when Plaintiff was transferred from SVSP to MCSP. MTD at 5. Plaintiff, on the other hand, contends that the SOL began running when he was found innocent of the 115 during a classification hearing on October 19, 2007. Opp'n at 1-2. And, he adds that he filed a timely lawsuit with the Eastern District in June 2011, which included this claim and claims pertaining to incidents at High Desert State Prison ("HDSP") and Kern Valley State Prison ("KVSP"). Id. at 2.

Here, to the extent that the SOL was tolled while Plaintiff was exhausting his administrative remedies, May 2, 2007 marks the date when he completed his administrative grievance process. See Compl., Ex. A at 10. On that date, Plaintiff was provided with a copy of the DOJ lab results and thus knew the basis of his injury; i.e., he knew he was found guilty without proper proof. See TwoRivers, 174 F.3d at 991 ("a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action"). Accordingly, Plaintiff had four years from that date, or until May 2, 2011, to file a due process

---

[4] Section 1983 does not contain its own SOL period. The appropriate period is that of the forum state's SOL for personal injury torts. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); TwoRivers, 174 F.3d at 991. In California, the general residual SOL for personal injury actions is the two-year period. Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004) (citing Cal. Civ. Pro. Code § 335.1). But an inmate has four years to bring a section 1983 claim; i.e., the regular two-year period under section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment. See Martinez v. Gomez, 137 F.3d 1124, 1125-26 (9th Cir. 1998) (holding that Cal. Civ. Pro. Code § 352.1, which tolls the SOL for two years only for persons who are serving terms of imprisonment less than for life, applies to a prisoner serving a life sentence with the possibility of parole).

claim in federal court. See fn. 4, supra. Plaintiff did not file a claim with this Court, nor the Eastern District, on or before May 2, 2011. Plaintiff's due process claim is untimely.

Even if Plaintiff's administrative grievance process was not completed until he was found innocent of his 115 during the October 19, 2007 classification hearing and the SOL did not start running against him until then, as Plaintiff claims, his due process claim is still untimely. As a preliminary matter, Plaintiff's argument relies on a finding that—although a classification hearing is not part of the formal administrative grievance process required to exhaust administrative remedies and thereby toll the SOL[5]—he did not receive the relief he requested in his initial 602 until the October 19, 2007 classification hearing. Cf. Brown, 422 F.3d at 935 ("a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review <u>or been reliably informed by an administrator that no remedies are available</u>" (emphasis added)). Because it seems remarkable that a prisoner would request to have a substance tested without expecting some sort of remedial action for exonerating results, Plaintiff's request to have the substance tested may be liberally construed as a request to have the 115 removed from his file.[6]

---

[5] See Cal. Code Regs. tit. 15, § 3084.1(a) (providing for three levels of formal review, and a prisoner exhausts the grievance process when he completes the third).

[6] Plaintiff still faces a significant hurdle: explaining how his first 602 implicitly includes a claim for relief, if he filed a separate 602 requesting that the 115 be removed from his file. His latter 602 is not a viable source of tolling the SOL past May 2, 2007, as the Inmate Appeals branch screened it out on September 28, 2007. Compl., Ex. A at 9. An administrative grievance that is "screened out" does not toll the SOL. See Woodford v. Ngo, 548 U.S. 81, 84 (2006) (concluding that the PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal").

1    Under Plaintiff's argument, he had four years from his classification
2  hearing, or until October 19, 2011, to file a timely lawsuit. See fn. 4, supra. But
3  this lawsuit was not filed until August 17, 2012. It is untimely. And, his filing in
4  the Eastern District on June 13, 2011 does not compel a different conclusion.
5  Plaintiff's Eastern District Complaint alleged a number of medical issues, but no
6  due process claim. See Compl. (dkt. 1), Kimbro v. Chen et al., No. 1:11-cv-
7  00957-GBC (E.D. Cal. filed June 13, 2011) ("Eastern District Complaint")
8  (generally alleging that in 2008 Plaintiff had two kidney stone surgeries and in
9  2010 he was hospitalized for an infection). He did attach numerous exhibits,
10 including exhibits regarding his placement in the SVSP ASU; but those exhibits,
11 without any accompanying allegation, are not enough to put any court on notice
12 that he is bringing a due process claim. See Daviton, 241 F.3d at 1141 ("As the
13 courts have explained for years, the equitable tolling doctrine requires that the
14 same wrong serve as the predicate for the earlier and later proceedings to make
15 sure defendant received proper notice."). Put simply, Plaintiff's Eastern District
16 filing was not a "reasonable and good faith effort to pursue his [due process]
17 claim[] in an alternate forum or case." Fink v. Shedler, 192 F.3d 911, 916 (9th
18 Cir. 1999).[7]

---

[7] In Fink, an inmate filed a section 1983 action in the district court and after several failed attempts to amend that action, he filed a new complaint. Id. at 913. His first filing with the district court had dealt with an allegedly improper classification and placement in an ASU. Id. at 916. His second proceeding, in contrast, involved claims of inadequate medical care. Id. Applying California tolling principles, the Ninth Circuit held that the subsequent filing was "completely unrelated and [did] not arise from the same transaction or occurrence." Id. The court therefore concluded that the inmates previously filed complaint did not toll the SOL. Id.

Here, like in Fink, the Eastern District explicitly conditioned its grant of leave to amend on Plaintiff "not chang[ing] the nature of th[e] suit by adding new, unrelated claims in his amended complaint." Order Dismissing Compl. (dkt. 11) at 4, Kimbro, No. 1:11-cv-00957-GBC. The Eastern District then ruled that Plaintiff's amended complaint, "alleging failure to provide morphine, methadone, and treat his kidney stone

7

## II. EXHAUSTION OF MEDICAL NEEDS CLAIM

### A. Standard of Review

Nonexhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense that should be raised in an unenumerated Rule 12(b) motion. Jones v. Bock, 549 U.S. 199, 217-18 (2007). Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints. Id. at 215-17. In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003); see, e.g., Akhtar v. Mesa, 698 F.3d 1202, 1209 (9th Cir. 2012) (noting that the court may consider documents attached to an original complaint to consider whether prisoner exhausted his administrative remedies). If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. Wyatt, 315 F.3d at 1120.

### B. Exhaustion of Administrative Remedies Generally

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." Id. at 84-86 (noting that

---

condition," "fail[ed] to state any claims upon which relief may be granted." Order Dismissing Action (dkt. 15) at 1, 12, Kimbro, No. 1:11-cv-00957-GBC.

even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies). The mandatory exhaustion of available administrative remedies is not limited to suits under section 1983, but to any suit challenging prison conditions. Id. at 85 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)).

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies, a prisoner must submit his or her complaint on a CDCR Appeal Form 602 and proceed through several levels of appeal: (1) informal level grievance filed directly with any correctional staff member, (2) first formal level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR director or designee. Id. § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009).

### C. Analysis

Defendants contend that Plaintiff failed to exhaust his administrative remedies in connection with his deliberate indifference to serious medical needs claim. MTD at 6. In support, Defendants attach documentation showing that between 1993 and May 2013, Plaintiff filed only three appeals to the third formal appeal level, which concerned events at MCSP, HDSP and KVSP, but not SVSP. Dec'l of J.D. Lozano (dkt. 18) at 4.[8] In response, Plaintiff proffers two

---

[8] Defendants also show that three additional third appeal level filings were "screened-out." Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."

unconvincing explanations as to why he did not need to appeal his SVSP medical needs claim to the requisite third formal level.

First, Plaintiff states that he "did not know at the time denial of those medical items (breathing device . . . and special mattress) . . . would cause such severe issues years later in part . . . [and] the reason [he] filed the 3 lawsuits as one to show how issues were related." Opp'n at 4. But in California, the deadline for filing a prison administrative grievance is fifteen working days from the date of the event or decision being appealed. Cal. Code Regs. tit. 15, § 3084.6(c)). A prisoner may not rely on a continuing-violation theory to extend that deadline. Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (holding that claims are unexhausted where filed more than fifteen working days after a decision to deny an inmate access to certain privileges). Instead, the deadline runs from the date of the initial prison decision or action being appealed, not from the date the effects of such decision or action are felt by the inmate. Id. at 1109-10.[9] As the Ninth Circuit has explained, any continuing effects are "nothing more than the delayed, but inevitable, consequence of the [initial determination]." Knox v. Davis, 260 F.3d 1009, 1014 (9th Cir. 2001) (holding the SOL begins to run on the date of the prison board's initial determination, when the prisoner "had notice of all of the wrongful acts she wished to challenge").

Second, Plaintiff states that proof of the 602s related to his medical issues were filed with his Eastern District Complaint and that his request to receive

---

Woodford, 548 U.S. at 84; see also Jones, 549 U.S. at 217-18 (holding that compliance with prison grievance procedures is required by the PLRA to "properly exhaust").

[9] See also Grimes v. City and Cnty. of S.F., 951 F.2d 236, 238-39 (9th Cir. 1991) ("mere continuing impact from past violations is not actionable" (internal quotations omitted)); Abramson v. Univ. of Haw., 594 F.2d 202, 209 (9th Cir. 1979) ("The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.").

10

copies of that information to file with this Court was denied. Opp'n at 5. But a review of the Eastern District Complaint and exhibits reveals no supporting documentation of a formal third level appeal of Plaintiff's SVSP medical needs claim. This finding is consistent with Defendants' printout of each and every appeal Plaintiff filed to the third level appeal. See Dec'l of J.D. Lozano, Ex. 1.

Plaintiff's medical needs claim must be dismissed without prejudice for failure to properly exhaust available administrative remedies, before filing suit. See Wyatt, 315 F.3d at 1120.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (dkt. 16) is GRANTED. Plaintiff's due process claim is dismissed with prejudice as time barred, and Plaintiff's medical needs claim is dismissed without prejudice for failure to properly exhaust available administrative remedies.

The clerk is instructed to enter judgment in accordance with this order and to close the file.

SO ORDERED.

DATED: Oct. 31, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.12\Kimbro, R.12-4352.mtd.final.wpd

11